Argued and submitted October 16, 1991, affirmed July 8, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## NORMAN LEROY MASON,
*Appellant.*

(CR90-678; CA A67881)

834 P2d 457

Ronald J. Pahl, Pendleton, argued the cause for appellant. With him on the brief was Olsen & Pahl, Pendleton.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for menacing, ORS 163.190, and pointing a firearm at another. ORS 166.190. He contends that the court erred when it refused to allow one of his witnesses to testify.

Defendant has been receiving counselling at the county mental health clinic. On the morning of his arrest, his wife called Postlewait, a mental health worker, because she was having trouble with defendant. Postlewait called the police to accompany her to defendant's apartment. When they arrived, the door was locked. They located defendant's wife next door, and she opened the door to her apartment and let the officers in. One officer testified that defendant was in the apartment, had held a gun at his waist and had told the officers to drop their guns and raise their hands. The officer testified that the gun was cocked and loaded.

Defendant testified that he was sitting in his apartment cleaning the gun, that it was not loaded and that he did not order the officers to drop their guns or raise their hands. When he called his wife as a witness, this colloquy occurred:

"[District Attorney]: I'm gonna object that defense didn't subpoena her. Didn't give me any discovery.

"[Judge]: Well that discovery would be a problem. * * *.

"[Defense Counsel]: She is on the state's witness list. She has come here subject to a state's subpoena.

"[District Attorney]: And the state didn't call her.

"[Defense Counsel]: * * * and has seen fit to hand the subpoena to me, she seemed to be saying that she wanted to say something about this case.

"[Judge]: Well, do you know what she is going to say:

"[Defense Counsel]: I have a brief idea. She is going to say that the police are a lying bunch of snakes. That there never was a gun. She knows where both the guns are. That the police when they got ready to enter the apartment were going to get Norman. Briefly that's paraphrased of course.

"[Judge]: *Well, I don't think that is going to add anything to this case then if that's what she is going to testify to.*

"[Defense Counsel]: I think she may be helpful for what occurred at the door, when she opened the door and what happened when the officers walked in.

"[Judge]: Well I don't think it is going to add anything to this thing. I'm gonna deny it. Anything further?

"[Defense Counsel]: Nothing further." (Emphasis supplied.)

Defendant's only contention is that the court abused its discretion by excluding the witness as a sanction for a discovery violation. He argues that the sanction was too severe. Defendant's argument is based on a misinterpretation of the court's ruling. The court did not address the ground for the state's objection, but concluded that the witness' testimony, as recited by defendant's counsel, would be cumulative. On appeal, defendant does not address that basis for the trial court's ruling. He argues about a ruling that the court did not make. We decline to make the argument for him.

Affirmed.